IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-38-BO
No. 5:15-CV-292-BO

| | |
|---|---|
| IRA JAMES HENDERSON,<br>          Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>          Respondent. | O R D E R |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government moved to dismiss the petition. By order filed January 15, 2016 [DE 75], the Court appointed counsel for petitioner and counsel filed an amended motion to vacate. The government has responded to the amended petition, conceding that the relief which petitioner seeks is warranted.

## BACKGROUND

Petitioner pleaded guilty without a plea agreement to one count of possession of a firearm after conviction of a misdemeanor crime of domestic violence (count one) and one count of possession of a firearm with obliterated serial number (count two). 18 U.S.C. §§ 922; 924. Petitioner was sentenced to a term of 180 months' imprisonment on count one and 120 months' imprisonment on count two to be served concurrently. Petitioner noticed a direct appeal and this Court's judgment was affirmed. [DE 56]. After petitioning for certiorari in the United States Supreme Court, petitioner timely filed his first § 2255 motion in this court.

DISCUSSION

Petitioner contends, and the government concedes, that his conviction on count one is infirm in light of the Fourth Circuit's holding in *United States v. Vinson*, 805 F.3d 120 (4th Cir. 2015). In *Vinson*, the court of appeals held that, under the categorical approach, a conviction under North Carolina law for misdemeanor assault on a female is not a misdemeanor crime of domestic violence for purposes of 18 U.S.C. § 922(g)(9). *Id.* at 126. The Court agrees that *Vinson* is applicable and holds that petitioner's conviction on count one, which was predicated on a North Carolina conviction for misdemeanor assault on a female, is infirm.

Further, petitioner argues, and the government concedes, that if his conviction on count one is vacated petitioner may no longer be properly sentenced under the Armed Career Criminal Act (ACCA), as his conviction on count two for possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 924(k) would not support the ACCA enhancement. *See* 18 U.S.C. § 924(e) (applying the ACCA enhancement to persons convicted of violations of 18 U.S.C. § 922(g)). Again, the Court agrees, and holds that petitioner must be resentenced on count two.

Finally, petitioner through counsel asserts that if his conviction on count one is vacated his remaining arguments attacking his conviction and sentence are moot.

CONCLUSION

Accordingly, for the foregoing reasons, petitioner's motion and amended motion to vacate pursuant to 28 U.S.C. § 2255 [DE 61 & 81] are GRANTED IN PART and DENIED IN PART. The government's motion to dismiss [DE 68] is DENIED. Petitioner's conviction on count one for possession of a firearm after conviction of a misdemeanor crime of domestic

2

violence is hereby VACATED. This matter shall be set for resentencing on count two by separate notice.

SO ORDERED, this __21__ day of April, 2016.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3